UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LEE SUTTON,
a/k/a Jennifer Lee Sutton,

           Plaintiff,

v.

PAULA CHANDLER, *et al*.

           Defendants.

Case No. C22-1392-BHS-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

Plaintiff is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC") – Intensive Management Unit in Monroe, Washington. On September 28,

REPORT AND RECOMMENDATION - 1

2022, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 1-1). Plaintiff asserted in her complaint claims arising out of an incident that occurred in the MCC – Washington State Reformatory Unit ("WSRU") prison yard in May 2022, which resulted in Plaintiff being infracted for, and found guilty of, animal cruelty. (*See* dkt. # 7 at 18-58.) Plaintiff claimed that the guilty finding was based on fabricated and/or incomplete evidence. (*See id*.)

Plaintiff identified three causes of action in her complaint. Specifically, Plaintiff alleged that she had been retaliated against for making complaints against a corrections officer, in violation of her rights under the First Amendment. (*See* dkt. # 7 at 47-50.) Plaintiff also alleged that she had been discriminated against because she is a transgender woman, in violation of her right to equal protection under the Fourteenth Amendment. (*See id*. at 51-54.) Finally, Plaintiff alleged that she had been denied procedural due process in relation to a disciplinary infraction hearing and subsequent appeal, in violation of her rights under the Fourteenth Amendment. (*See id.* at 55-58.)

Plaintiff identified the following Defendants in her complaint: MCC Associate Superintendent Paula Chandler; WSRU Unit Manager Leslie O'Connor; MCC Intelligence and Investigations Chief Maria Angel; WSRU Sergeant James Davis; and WSRU Officers David Brown and Ben Balyeat. (*See* dkt. # 7 at 1, 3, 5, 6, 9, 12, 15.) Plaintiff requested relief in the form of a preliminary injunction that would temporarily stop her transfer to an out-of-state facility and mandate that she be housed at a facility within the State of Washington. (*Id*. at 59.) Plaintiff also requested that she be released from segregated confinement immediately. (*Id*.) Finally, Plaintiff requested an award of punitive damages, reasonable attorney's fees, and costs of suit. (*See id*. at 59-60.)

REPORT AND RECOMMENDATION - 2

After reviewing Plaintiff's proposed complaint, this Court concluded that Plaintiff had not adequately alleged a cause of action against any of the Defendants named therein. Thus, on November 16, 2022, the Court issued an Order declining to serve Plaintiff's complaint and granting her leave to file an amended complaint correcting specified deficiencies. (Dkt. # 8.) The Court noted in its Order that Plaintiff's complaint was generally deficient because it did not comply with the requirements of Fed. R. Civ. P. 8(a), which requires that a pleading contain a short and plain statement of each claim showing that the pleader is entitled to relief. (*Id*. at 9-10.) The Court observed that Plaintiff's complaint contained a lengthy and convoluted description of events that was insufficient to state any plausible claim for relief against the named Defendants. (*Id*. at 10.) The Court went on to address Plaintiff's claims individually, identifying specific deficiencies in each claim in relation to the applicable legal standards and the facts alleged in the complaint. (*See id*. at 10-15.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if she failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). (Dkt. # 8 at 15.) To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in her original complaint, and because she has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C.

REPORT AND RECOMMENDATION - 3

§ 1915(e)(2)(B), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

## IV.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 27, 2023**.

DATED this 4th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4