UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER JAY LEE,<br><br>       Plaintiff,<br><br>  v.<br><br>LESLIE O'CONNOR, *et al.*,<br><br>       Defendants. | Case No. C22-1392-KKE-MLP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jennifer Jay Lee is in the custody of the Washington Department of Corrections and is currently confined at the Washington State Penitentiary ("WSP"). She is represented by counsel in this action. This matter comes before the Court on Plaintiff's motion for leave to file a third amended complaint to add new defendants and new claims to this action. (Dkt. # 35.) Defendant O'Connor has filed a response in opposition to Plaintiff's motion, arguing that Plaintiff's proposed amendment would be futile. (Dkt. # 37.) Plaintiff has filed a reply brief in support of her motion. (Dkt. # 38.) The Court, having reviewed the submissions of the parties, GRANTS in part, and DENIES in part, Plaintiff's motion for leave to file a third amended complaint.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 1

## II. BACKGROUND

Plaintiff filed her original complaint in this action on September 28, 2022, while she was confined at the Monroe Correctional Complex ("MCC") – Intensive Management Unit ("IMU") in Monroe, Washington. (*See* dkt. 1.) Plaintiff asserted therein claims against six MCC employees arising out of an incident that occurred in the MCC – Washington State Reformatory Unit ("WSRU") prison yard in May 2022, which resulted in Plaintiff being infracted for, and found guilty of, animal cruelty. (*See* dkt. # 1-1.) The Court deemed Plaintiff's complaint deficient and therefore declined to serve it but granted Plaintiff an opportunity to amend her pleading. (Dkt. # 8.)

Plaintiff filed an amended complaint on January 9, 2023, which by and large failed to correct the deficiencies previously identified by the Court. (Dkt. # 11.) The Court therefore declined to serve that pleading as well but, once again, granted Plaintiff an opportunity to file an amended pleading. (Dkt. # 17.) On April 25, 2023, while the Court was awaiting Plaintiff's submission of her second amended complaint, counsel appeared on her behalf. (Dkt. # 20.) On May 15, 2023, Plaintiff, through counsel, filed a second amended complaint, which was pared down significantly from Plaintiff's two prior pleadings. (Dkt. # 23.) Plaintiff's second amended complaint is the operative pleading in this action.

Plaintiff named as Defendants in her second amended complaint Leslie O'Connor, a Unit Manager at WSRU at times relevant to the complaint, and John Does 1 through 10, all of whom were identified only as employees of the State of Washington. (Dkt. # 23 at 2.) Plaintiff identified two claims for relief in her amended complaint. Specifically, Plaintiff alleged that Defendants violated her rights under the Eighth Amendment when they were deliberately indifferent to her serious medical needs. (*See id*. at 5-6.) Plaintiff also alleged that Defendants

retaliated against her, in violation of her First Amendment rights, by falsely claiming that Plaintiff was in danger and needed to be transferred out of state in order to "'chill' Plaintiff's grievance and complaint activity." (*Id*. at 6.) The facts set forth by Plaintiff in her second amended complaint pertained only to the specific conduct of Defendant O'Connor. (*See id*. at 3-5.)

Plaintiff submitted her proposed third amended complaint to the Court on October 18, 2023, in conjunction with her pending motion to amend. (*See* dkt. ## 35, 36-1.) Plaintiff's proposed third amended complaint identifies an additional three Defendants: Maria Angel, an administrative assistant and investigator at MCC; Paula Chandler, the associate superintendent of MCC at times relevant to Plaintiff's claims; and Julie Martin, a Washington Department of Corrections ("DOC") classification administrator, whom Plaintiff claims was responsible for her placement in maximum custody and in the intensive management unit ("IMU"), and for Plaintiff being scheduled for an out of state transfer. (Dkt. # 36-1 at 2-3.)

In addition to the three new Defendants, Plaintiff also identifies in her proposed amended pleading two additional causes of action arising under the Fourteenth Amendment. Specifically, Plaintiff alleges that her due process rights were violated by her long-term confinement in isolation. (*See* dkt. # 36-1 at 7-8.) Plaintiff also alleges that her right to equal protection was violated when Defendants, based upon their "biases and prejudices," accused her of abusing a rabbit without any evidence, requested that the police file criminal charges against her, isolated her in solitary confinement, and threatened to transfer her out of state based upon false claims that they had received credible threats she would be harmed if she stayed in general population at MCC. (*See id*. at 8-9.)

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 3

The facts alleged in Plaintiff's third amended complaint are essentially the same as those alleged in her second amended complaint. (*See* dkt. # 36-1 at 3-5.) In other words, the facts pertain only to the conduct of Defendant O'Connor. (*See id.*)

### III. DISCUSSION

#### A. Applicable Legal Standard

##### 1. Rule 15 Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). An amendment to a complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

##### 2. Basic Pleading Standard

Federal Rule of Civil Procedure 8(a) provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A pleading must offer more than "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Id*. In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

### 3. Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) she suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

### B. Analysis

Plaintiff argues in support of her motion to amend that Defendants will suffer no prejudice if leave to amend is granted because her claims have not appreciably changed, the underlying facts of her claims have simply "been clarified and updated with additional details and new developments." (Dkt. # 35 at 3.) Plaintiff further argues that her reasons for seeking amendment are compelling. (*Id*.) In particular, Plaintiff asserts that since filing her original complaint *pro se*, she has exhausted administrative remedies with respect to torts that relate to

her existing claims, she has obtained a significant number of documents from law enforcement and other agencies through public records requests and discovery, and she has discovered new information related to the facts in her original complaint that support her new claims. (*See id*. at 3-4.)

Defendant O'Connor argues that amendment would be futile because Plaintiff has failed to state a claim against the proposed new defendants. Defendant O'Connor asserts, in particular, that the fact section of Plaintiff's proposed amended complaint contains no allegations against the newly named defendants or the Doe defendants. (Dkt. # 37 at 3-4.) Defendant further asserts that Plaintiff's new claims fail to state a plausible claim for relief against her. (*See id*. at 4-10.)

### 1. *Proposed New Defendants Angel, Chandler, and Martin*

Despite Plaintiff's representations in her motion that she has now obtained a plethora of new documentation and information that support her new claims, her proposed amended pleading does not contain any additional facts, it provides essentially no clarification of the facts previously alleged, and it fails to demonstrate that any new information she claims to have obtained supports adding the proposed new defendants. In her reply brief in support of her motion, Plaintiff concedes that the statement of facts in her proposed amended pleading is "insufficient to support some of the claims in her amended complaint," and Plaintiff indicates that she plans to supplement her complaint with additional facts as she discovers them. (Dkt. # 38 at 2.) Plaintiff also acknowledges that she may have filed her motion for leave to amend prematurely, but she did so because the deadline for adding new parties was approaching. (*Id*.) Plaintiff notes that the statutory period for filing a legal claim will not expire until December 12,

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 6

2023, and she asks that she be given until that date to correct any factual shortcomings in her proposed third amended complaint.[1] (*See id.*)

To the extent Plaintiff seeks to add claims to this action against the three proposed new defendants, Defendant O'Connor is correct in her observation that Plaintiff fails to allege any facts pertaining to the proposed new defendants. Indeed, as noted above, Plaintiff simply reasserts the same facts as were set forth in her second amended complaint which pertain only to Defendant O'Connor. The absence of any specific allegations whatsoever against the proposed new defendants renders Plaintiff's proposed amended pleading deficient as to those individuals. As noted above, in order to state a viable claim for relief under § 1983, a Plaintiff must allege facts demonstrating that each named defendant personally participated in causing the harm alleged. Plaintiff's proposed amended pleading does not even attempt to satisfy this standard. The Court will not permit Plaintiff to add new defendants against whom she has yet to assert any plausible claim for relief based solely upon the promise that she will provide such facts at a later date. Accordingly, Plaintiff's motion to amend her complaint to add new defendants is DENIED.

2. *Proposed New Claims Against Defendant O'Connor*

The Court now considers Plaintiff's proposed amended pleading in relation to the existing Defendant, Leslie O'Connor. Because the first two grounds for relief asserted in Plaintiff's proposed third amended complaint are essentially the same as those asserted in her second amended complaint, the Court does not address the sufficiency of those claims in the

---

[1] Plaintiff makes no mention of the fact that, pursuant to the Court's scheduling order, amended pleadings were due not later than November 21, 2023. (*See* dkt. # 34 at 1.) Thus, Plaintiff is essentially asking that the Court now extend that deadline to allow her to perfect her amended pleading. Pursuant to Federal Rule of Civil Procedure 16(b)(4), modification of a scheduling order requires that a party show "good cause" for not having amended their pleading prior to the expiration of the time specified in the court's scheduling order. Plaintiff has not, at this juncture, shown that good cause exists for the requested extension.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 7

context of Plaintiff's motion to amend. The Court will, however, address the sufficiency of the two new claims asserted in Plaintiff's third amended complaint in relation to Defendant O'Connor.

                                i.        Due Process

Plaintiff asserts in her third ground for relief that she was housed in solitary confinement for "nearly a year" based upon false allegations that her life was in danger. (*See* dkt. # 36-1 at 7-8.) Plaintiff claims she had a liberty interest in being free from long-term isolation, as this confinement constituted an "atypical and significant hardship as compared with the ordinary incidents of prison life." (*See id*. at 8)

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) (citations omitted). However, a due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The Supreme Court has held that prisoners have "no liberty interest in freedom from state action taken within the sentence imposed," unless such action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied due process." *Ramirez v. Galaza*, 334 F.3d 850, 86-61 (9th Cir. 2003) (citing *Sandin*, 515 U.S. at 484).

When a prisoner is placed in administrative segregation, due process requires that prison officials conduct an informal, non-adversary review of the evidence justifying the placement within a reasonable amount of time following the placement. *See Hewitt v. Helms*, 459 U.S. 460,

476 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100, *abrogated in part on other grounds by Sandin*, 515 U.S. 472 (1995). More specifically, prison officials must inform the incarcerated individual of the reasons for the placement and must allow the individual to present his views to the official charged with making the decision regarding the placement. *See id*. Following the initial placement in administrative segregation, prison officials must periodically review the placement. *Hewitt*, 459 U.S. at 477 n. 9; *Toussaint*, 801 F.2d at 1101.

Though Plaintiff's due process claim is inartfully pled, the Court finds the allegations in Plaintiff's proposed third amended complaint sufficient to proceed on that claim with respect to Defendant O'Connor.[2] Accordingly, Plaintiff's motion to amend her complaint to add a due process claim against Defendant O'Connor is GRANTED.

        ii.        Equal Protection

Plaintiff asserts in her fourth claim for relief that defendants were, and are, biased and prejudiced against her, noting that she is transsexual and claiming that defendants are "reluctant to accept her and treat her with respect or to care about her emotional wellbeing or mental health." (Dkt. # 36-1 at 9.) Plaintiff goes on to claim that because of defendants' biases and prejudices, they accused her of abusing a rabbit without evidence and requested that criminal charges be filed against her. (*Id*.) Plaintiff further claims that defendants then isolated her in solitary confinement and threatened to transfer her out of state, and justified this conduct by falsely claiming they had received credible threats that she would be harmed if she remained in

---

[2] The Court observes that in Plaintiff's statement of her third claim for relief, she references the conditions imposed on another incarcerated individual, "Denton," and not those imposed on her. (*See* dkt. # 36-1 at 8.) The Court assumes that this was simply a typographical error but this error, together with a number of other typographical errors identified in the proposed amended pleading, speaks to the lack of care employed in drafting the pleading.

the general population. (*Id.*) Plaintiff alleges that defendants denied her equal protection when they falsely accused her and placed her in isolation. (*Id.*)

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause essentially mandates that state and local governments treat alike all persons who are similarly situated. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As a general matter, in order to state an equal protection claim under § 1983, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's equal protection claim is not set forth in a particularly clear fashion. While Plaintiff infers that she was discriminated against based on her status as a transsexual inmate, there are no facts alleged in her statement of facts or in her statement of claim to demonstrate any purposeful or intentional discrimination on the part of any of the proposed defendants. Moreover, a review of the facts alleged in Plaintiff's proposed third amended complaint suggests that Defendant O'Connor's alleged improper conduct was motivated by a complaint Plaintiff filed against her related to a decision to transfer Plaintiff to a different facility, *i.e.*, the Airway Heights Corrections Center, and not by the fact that Plaintiff is transsexual. Plaintiff's vague and unsupported claim of discriminatory conduct falls far short of what is required to state a plausible claim for relief under § 1983. Accordingly, Plaintiff's motion to amend her complaint to add an equal protection claim against Defendant O'Connor is DENIED.

//

//

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 10

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to file a third amended complaint (dkt. # 35) is GRANTED to the extent she seeks to add a due process claim against Defendant Leslie O'Connor and DENIED in all other respects. The Clerk is directed to file Plaintiff's proposed third amended complaint, which will proceed only against Defendant O'Connor and only with respect to Plaintiff's deliberate indifference, retaliation, and due process claims.

The Clerk shall send copies of this Order to all counsel of record and to the Honorable Kymberly K. Evanson, United States District Judge.

DATED this 30th day of November, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge