1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

| | |
|---|---|
| JENNIFER JAY LEE, | CASE NO. C22-1392-KKE-MLP |
| Plaintiff, | ORDER GRANTING MOTION TO RETAX COSTS |
| v. | |
| PAULA CHANDLER et al., | |
| Defendant. | |

14

15

16

17

The Court previously granted in part and denied in part Defendant Leslie O'Connor's motion for bill of costs, and taxed $1,653.00 against Plaintiff Jennifer Jay Lee. Dkt. No. 80. Lee now moves to retax the costs. Dkt. No. 81. Having considered the parties' briefing and the record, the Court grants Plaintiff's motion to retax costs.

18

## I.   BACKGROUND

19

20

21

22

23

Lee is currently incarcerated at the Washington State Penitentiary in Walla Walla Washington. Dkt. No. 40 at 2. Her claims arose out of her confinement at the Monroe Correctional Complex—Washington State Reformatory Unit ("MCC-WSR") in 2021 and 2022. *Id.* She alleged that she attempted to clean a rabbit that had migrated into the prisoner yard and was improperly accused by correctional officers of molesting the rabbit. *Id.* at 4. She was infracted

24

ORDER GRANTING MOTION TO RETAX COSTS - 1

for, and found guilty of, animal cruelty. *Id.* at 4–5. Lee claimed that this guilty finding was based on fabricated and incomplete evidence and resulted in her placement in solitary confinement for ten months. *Id.* at 5. Lee then brought this suit against the Unit Manager at MCC-WSR and other employees of the State of Washington, alleging that Defendants violated her First, Eighth, and Fourteenth Amendment rights. *Id.* at 5–9.

On September 9, 2024, Magistrate Judge Michelle Peterson recommended granting Defendants' motion for summary judgment and dismissing this action with prejudice. Dkt. No. 75. This Court adopted Judge Peterson's report and recommendation. Dkt. No. 76.

Defendant Leslie O'Connor filed a motion for a bill of costs, which the Court granted in part and denied in part. Lee now moves the Court to retax costs in the amount of $1,653.00, which Defendant opposed. The motion is now ripe for the Court's consideration.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that costs should be allowed to the prevailing party. Fed. R. Civ. Proc. 54(d)(1); Local Rules W.D. Wash. LCR 54(d). Rule 54(d) creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). The district court has discretion to refuse to award costs, and the Ninth Circuit has provided the following factors to consider when deciding whether to exercise that discretion. *Id.* Such factors include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* These factors are not exhaustive, "but rather a starting point for analysis." *Id.* Further, "a losing party need not demonstrate that all five factors weigh against imposing costs." *Id.* And while the Court may consider a plaintiff's financial resources, "indigence, standing alone, does not justify Plaintiff

ORDER GRANTING MOTION TO RETAX COSTS - 2

1  evading the taxation of costs." *James v. Tade*, No. 15-CV-409-AJB-MDD, 2018 WL 2734882, at

2  *2 (S.D. Cal. June 7, 2018).

### III.  ANALYSIS

Based on the circumstances of this case, it would be inappropriate to award costs to Defendants.  First, this case concerns Lee's constitutional rights in prison and therefore has "substantial public importance."  *See Draper*, 836 F.3d at 1088 ("Individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners."); *Nelson v. Thurston Cnty.*, No. 3:18-CV-05184-DGE, 2023 WL 8370156, at *2 (W.D. Wash. Dec. 4, 2023) ("[T]he Ninth Circuit has found individual civil rights cases to have substantial public importance."); *Tater-Alexander v. Amerjan*, No. 1:08-CV-00372 OWW, 2011 WL 1740697, at *2 (E.D. Cal. May 3, 2011) (denying costs where indigent plaintiff brought constitutional claims based on the First, Fourth, Eighth, and Fourteenth Amendments).  While none of Plaintiff's claims ultimately survived summary judgment, Plaintiff raised nonfrivolous claims concerning her fundamental rights.  Dkt. No. 40 at 5–9.

The potential chilling effect on future similar actions also weighs against awarding costs. While $1,653.00 is not an exorbitant amount, in the context of Lee's status as both indigent and incarcerated, awarding costs would against her could discourage other indigent inmates from pursuing civil rights claims.  *James*, 2018 WL 2734882, at *2 ("[N]o bright-line rule defining what precise amount of costs would produce a chilling effect exists."); *see also Roberts v. Hensley*, No. 15CV1871-LAB (BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019).

Finally, Lee's limited financial resources also weigh against awarding Defendants costs. *See* Dkt. No. 6 (granting Lee's application to proceed IFP).  Moreover, the financial disparity between the parties is apparent and weighs against Defendants.  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1249 (9th Cir. 2014) (holding that the district court did not err in denying

ORDER GRANTING MOTION TO RETAX COSTS - 3

costs based in part on the "great economic disparity" between the parties).  Lee is a Washington state prisoner who proceeds *in forma pauperis*, while Defendants are represented by the Washington Attorney General.  *See, e.g.*, *Draper*, 836 F.3d at 1089 ("There is no comparison between Draper's limited resources and those of the state of California, which bore the defense costs."); *Jimenez v. Sambrano*, No. 04cv1833-L(PCL), 2010 WL 1781602, at *1 (S.D. Cal. Apr. 29, 2010) (granting motion to retax costs in a prisoner civil rights action).  Therefore, though her financial state alone cannot justify granting Lee's motion, *James*, 2018 WL 2734882, at *2, in conjunction with the other factors discussed above, the Court exercises its discretion to retax costs.

## IV.  CONCLUSION

The Court GRANTS Plaintiff's motion to retax costs.  Defendants SHALL NOT recover costs in this action.

Dated this 12th day of March, 2025.

Kymberly K. Evanson
United States District Judge